**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:04CR595-18** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **JESUS ALCANTAR,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On June 15, 2005, Jesus Alcantar, Defendant, filed a motion to dismiss the indictment and charges against him for violation of his right to speedy trial. (Docket No. 306.) On June 27, 2005, the government filed a response. (Docket No. 328.) For the following reasons, the motion is **DENIED**.

On December 8, 2004, an indictment was filed charging the Defendant with one (1) count of conspiring to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846. (Docket No. 1.) On December 16, 2004, the Defendant was arrested. On February 9, 2005, he was arraigned and entered a plea of not guilty. (Docket No. 139.) A pretrial conference was scheduled for March 11, 2005. On March 7, 2005, the parties filed a joint motion to continue the pretrial conference. (Docket No. 188.) On March 21, 2005, the Court held a pretrial conference. (Docket No. 217.) Plea negotiations are still ongoing. To date, the Defendant remains in custody.

> The Speedy Trial Act states:
>
> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). In calculating the relevant time period, the statute specifically allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Accordingly, an exclusion as to one defendant applies to all co-defendants. United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986). Thus, all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. United States v. Blackmon, 874 F.2d 378, 380 (6th Cir. 1989).

Here, on February 14, 2005, Glen Swofford was the last co-defendant to be arrested. On March 23, 2005, he was arraigned and the speedy trial clock began. On April 22, 2005, he agreed to enter a plea of guilty. (Docket No. 246.) The parties needed time however, to arrange an additional proffer statement to complete the details of the plea agreement. Thus, the Court scheduled a change of plea hearing for May 11, 2005. On May 10, 2005, the parties filed a joint motion to continue for fourteen days because they were still unable to arrange the additional proffer statement necessary for the plea agreement. (Docket No. 266.) On May 31, 2005, the Court held an additional pretrial conference. (Docket No. 297.) To date, the parties remain in plea negotiations. According to the Sixth Circuit, plea negotiations are excluded from the speedy trial calculation as "other proceedings" under 18 U.S.C. § 3161(h)(1). United States v. Dunbar, 357 F.3d 582, 593 (6th Cir. 2004), vacated

by 125 S. Ct. 1029 (2005), reinstated in part by 2005 U.S. App. LEXIS 10550 (6th Cir. Jun. 8, 2005). Thus, the parties have been in plea negotiations since April 22, 2005 until the present date. This period is excluded from the speedy trial calculation. See id. As a result, only 29 days have expired. Because all defendants fall within the speedy trial computation for the last co-defendant, the Defendant cannot raise a speedy trial violation when co-Defendant Swofford's time is still running. See Holyfield, 802 F.2d at 848.

The Court notes that any excusable delay must be "reasonable." See 18 U.S.C. § 3161(h)(1). This case involves a complex drug conspiracy with 25 named defendants. There are seven counts and 146 overt acts set forth in the indictment. The investigation alone took a year and a half and resulted in over 1000 intercepted phone calls. There are also five pending discovery motions before the Court. To date, seven defendants have entered pleas of guilty. One defendant is still at large. The remaining defendants are all engaged in plea negotiations. Given these circumstances, the Court concludes that the current delay is reasonable, although it continues to urge the parties to resolve their plea negotiations in an expeditious manner.

For the foregoing reasons, the motion to dismiss for violation of speedy trial rights (Docket No. 306) is **DENIED**.

**IT IS SO ORDERED.**

**Date: June 30, 2005**           */s/ John M. Manos*
                                  **UNITED STATES DISTRICT JUDGE**